UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE MAYO,<br><br>                Petitioner,<br><br>v.<br><br>CLEVELAND<br><br>                Respondent. | No. 1:24-cv-7994 (NRM)<br><br>**Memorandum & Order** |

**NINA R. MORRISON**, United States District Judge:

Now pending before the Court is Petitioner Maurice Mayo's ("Petitioner" or "Mayo") petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 1, at 1; Civil Cover Sheet, ECF No. 1-1, at 1.[1] Petitioner, who is incarcerated at Gouverneur Correctional Facility, filed the instant petition *pro se* on November 8, 2024 in the United States District Court for the Eastern District of New York. Pet. at 1; Civil Cover Sheet at 1.

Mayo's habeas corpus petition is the second habeas corpus petition filed by Mayo that this Court has considered. Mayo previously filed a petition for a writ of habeas corpus in the Southern District of New York on October 13, 2022; that petition was transferred to this Court on October 26, 2022. *Mayo v. Montagari*, No. 22-cv-6489 (NRM), 2024 WL 1332634, at *1 (E.D.N.Y., Mar. 28, 2024) (the "2022 habeas petition"). In a decision dated March 28, 2024, this Court dismissed that habeas

---

[1] All page references use ECF pagination except where noted.

1

petition on the grounds that Mayo had not exhausted his state remedies and had not made the showing necessary for the Court to find an exception to the exhaustion requirement under 28 U.S.C. § 2254(b)(1)(B)(ii). *Id.* at *4. For the reasons discussed below, the Court dismisses the instant habeas petition filed by Mayo on the same ground, *i.e.,* failure to exhaust his state court remedies.

## BACKGROUND

In this action, Petitioner identifies the case number for the conviction and sentence he challenges as "126/2020" (Pet. at 1), which is the same Richmond County indictment number affiliated with Mayo's 2022 habeas petition. *See Mayo v. Montagari*, Pet. for Writ of Habeas Corpus, ECF No. 1, at 1. Mayo was convicted of one count of criminal possession of a weapon in the second degree and two counts of menacing in the second degree on February 24, 2022. *Mayo*, 2024 WL 1332634, at *1. On June 24, 2022, Mayo was sentenced to six years of imprisonment and four years of post-release supervision, with credit for the time he already served. *Id.*

### I. The instant petition

In challenging his conviction and sentence, Mayo states that he is a "sovereign being," that he has exhausted his state remedies, that the appellate court has "exceeded [its] limits in tolling time," that he "move[s] to adjudicate [his] case outside of the statutory court's jurisdiction," and that his action in the instant petition is one under "trespass on the case" from the details set forth in his previous petition. Pet. at 2–3. In his 2022 habeas petition, Mayo asserted that he was detained in violation of his rights under the United States Constitution because "he was denied due

2

process; his Speedy Trial rights were violated; he was taken to trial illegally; the state erred in not filing a certificate of readiness; and the state prison did not receive his certificate of conviction." *Mayo*, 2024 WL 1332634, at *1. In letters Mayo submitted to this Court *pro se* after filing his initial 2022 petition, he appeared to assert additional claims for relief, including "that he did not receive or sign a waiver of indictment; [that he] was not afforded the opportunity to testify before the grand jury; that the grand jury was not provided with facts that would have impacted [its] ability to establish the elements of the crime; and that the state [] fraudulently created a trust in his name." *Id*.

After the instant petition, Mayo has filed several letters *pro se* seeking various actions by this Court. Those requests include that the Court "bind all related cases and documents to this present case" (Letter filed Apr. 4, 2025, ECF No. 24, at 2); that the Court allow discovery of certain documents (Letter filed Apr. 4, 2025, ECF No. 24, at 3); that the Court issue an injunction of other, separate cases of Mayo's (Letter filed Mar. 24, 2025, ECF No. 20, at 6); that the Court allow Mayo to subpoena Cleveland, certain judges, and his past attorneys (Letter filed Feb. 21, 2025, ECF No. 17, at 1, 5); that the Court allow Mayo to question New York Attorney General Letitia James and certain judges (Letter filed Feb. 21, 2025, ECF No. 17 at 1); that the Court "re-enact" the previous habeas case he initiated in his 2022 petition (Letter filed Feb. 19, 2025, ECF No. 14, at 2); and that the Court re-enact a separate civil case, *Mayo v. Kran*, 23-cv-3453 (Letter filed Feb. 19, 2025, ECF No. 14, at 6).

Mayo also raises additional arguments in the *pro se* letters he filed after filing

3

the instant petition. Those arguments include claims that there was no grand jury indictment containing a state seal (Letter filed Apr. 2, 2025, ECF No. 23, at 3–4; *see also* Letter filed Feb. 12, 2025, ECF No. 13, at 1–3); that no grand jury proceeding occurred before he was charged (Letter filed Mar. 21, 2025, ECF No. 19, at 2–3; Letter filed Feb. 5, 2025, ECF No. 11, at 3–4); that his being charged with criminal possession of a firearm was a legal contradiction due to the Second Amendment's right to bear arms (Letter filed Mar. 26, 2025, ECF No. 21, at 2); that he never signed a waiver of indictment, which he describes as an "alternative process to grand jury" indictment (Letter filed Mar. 21, 2025, ECF No. 19, at 4; *see also* Letter filed Feb. 12, 2025, ECF No. 13, at 2–3; Letter filed Feb. 5, 2025, ECF No. 11, at 4); that there were evidentiary issues in his conviction (Letter filed Mar. 26, 2025, ECF No. 21, at 2–3); that he "was never sentenced on June 24th 2022" but instead "illegally brought to the state without being properly sentenced" on that date (Letter filed Mar. 26, 2025, ECF No. 21, at 4; Letter filed Feb. 12, 2025, ECF No. 13, at 5); that a civil judgment was entered in his criminal case (Letter filed Mar. 21, 2025, ECF No. 19, at 2); that there has been unjustifiable delay in his Appellate Division case (Letter filed Mar. 21, 2025, ECF No. 19, at 4–5); that the state criminal proceedings are actually contractual actions governed by the Uniform Commercial Code (Letter filed Feb. 19, 2025, ECF No. 15, at 1–2; Letter filed Feb. 5, 2025, ECF No. 11, at 1–3); and, that the Maurice Mayo who is incarcerated is a corporation or trust that the state is illegally assuming control over and that petitioner Mayo is the fiduciary beneficiary of that trust (Letter filed Feb. 21, 2025, ECF No. 17, at 7).

In one letter, Mayo refers to having commenced his appeal on his conviction and sentence in the Appellate Division in April 2024. *See* Letter filed Mar. 24, 2025, ECF No. 20, at 7. In other letters, Mayo refers to the allegations at hand in certain, separate civil cases he appears to have initiated. *See* Letter filed Mar. 31, 2025, ECF No. 22; Letter filed Apr. 2, 2025, ECF No. 23.

## II.   The 2022 habeas petition

After conducting an initial review of Mayo's 2022 habeas petition, this Court on January 4, 2023 held a status conference, *sua sponte*, to "discuss [Mayo's] apparent failure to exhaust his state court remedies before filing his petition." 2024 WL 1332634, at *1. In that conference, Mayo acknowledged that he had not exhausted his state court remedies but urged the Court to nevertheless consider his petition due to certain factors, including that he had nearly completed half of his six-year sentence by that time, that his direct appeal had not yet been perfected by appellate counsel, and that the long timeline for his direct appeal would likely moot his petition. *Id*. On March 8, 2023, the Court held the petition in abeyance for at least 90 days while Mayo's appointed state-court counsel continued to gather the record and review potential appellate claims. *Id*. at *2. After Mayo's state court counsel informed the Court that the state court had largely produced the relevant trial transcripts and most of the documents necessary for the state court record, and after Mayo submitted several *pro se* letters to the Court, this Court appointed separate federal habeas counsel for Mayo pursuant to 28 U.S.C. § 2254(h) and 18 U.S.C. § 3006A. *Id*. Mayo's appointed habeas counsel informed the Court on August 29, 2023 that counsel had

5

received the complete state court record and were in the process of reviewing it and providing advice to Mayo on his litigation options in state and/or federal court. *Id.*

Ultimately, on October 16, 2023, Mayo filed a *pro se* letter with the Court requesting to terminate his appointed counsel. *Id.* The next day, counsel filed a motion to withdraw as attorneys. *Id.* The Court granted the motion. *Id.*

The Court ultimately dismissed the 2022 petition, declining to find an exception to the requirement that Mayo exhaust state remedies prior to filing his habeas petition, given the history and status of the proceedings in both state court and this Court at that time. *See id.* at *4.

## DISCUSSION

### I. Legal Standard

Section 2254 "generally requires a petitioner for a writ of habeas corpus to show that he has 'exhausted the remedies available in the courts of the State' in order for the writ to be granted." *McCray v. New York*, 573 F. App'x 22, 23 (2d Cir. 2014) (quoting 28 U.S.C. § 2254(b)(1)(A)); *see also Landy v. Costello*, 141 F.3d 1151, 1998 WL 105768, at *1 (2d Cir. 1998) ("[F]ailure to exhaust would, of course, bar habeas relief."); *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a prisoner in state custody, the prisoner must exhaust his or her state court remedies."); 28 U.S.C. § 2254(b), (c). "State remedies are deemed exhausted when a petitioner has: (i) presented the federal constitutional claim asserted in the petition to the highest state court . . . and (ii) informed that court (and lower courts) about

6

both the factual and legal bases for the federal claim." *Ramirez v. Att'y Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276–77 (1971)).  Absent special circumstances, the Court may not retain jurisdiction pending the petitioner's exhaustion of available state court remedies. *See Slayton v. Smith*, 404 U.S. 53, 54 (1971) (per curiam); *Crescenzi v. Sup. Ct. of State of N.Y.*, 749 F. Supp. 552, 555 (S.D.N.Y. 1990) ("Absent special circumstances, the Court may not retain jurisdiction pending resort to the state courts for [satisfaction of the exhaustion requirement].").

 The statute provides limited exceptions to the exhaustion requirement for habeas petitions; federal courts may consider such petitions where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i), (ii). The Second Circuit has held that "a failure to exhaust may be excused . . . where there has been 'substantial delay in the state criminal appeal process'" because such delay renders the state appeals process ineffective. *Roberites v. Colly*, 546 F. App'x 17, 19 (2d Cir. 2013) (quoting *Cody v. Henderson*, 936 F.2d 715, 718 (2d Cir. 1991)); *see also Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017) (waiving the exhaustion requirement due to state appellate court's excessive delays); *Washington v. James*, 996 F.2d 1442, 1449 (2d Cir. 1993) ("[W]here nonexhaustion is primarily the fault of the state court system itself, comity and federalism cannot require blind deference."); 17B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 4264.2 (3d ed.) ("[I]f there is undue delay between the prisoner's application to the state courts and

7

final disposition of it there, the federal courts consider that the state corrective process is ineffective to protect the rights of the prisoner and will pass on a habeas corpus petition."). In determining whether a delayed or otherwise ineffective state court proceeding may justify a federal habeas petitioner's failure to exhaust his state remedies, the Second Circuit has traditionally looked to the same factors enunciated by the Supreme Court in *Barker v. Wingo,* 407 U.S. 514, 530 (1972), that apply to claims that a defendant has been deprived of his right to a speedy trial: "(1) the length of the delay, (2) the reason for the delay and the party responsible, (3) whether petitioner asserted his right to a decision, and (4) ensuing prejudice." *Roberites*, 546 F. App'x at 19; *see also Brooks v. Jones*, 875 F.2d 30, 31 (2d Cir. 1989) (applying *Barker* factors to find, prior to enactment of AEDPA, that a pattern of "inexcusable neglect by a succession of assigned counsel" in state court over an eight-year period justified exempting the petitioner from the exhaustion requirement). "[N]o one factor is dispositive and all are to be considered together with the relevant circumstances." *Simmons v. Reynolds*, 898 F.2d 865, 868 (2d Cir. 1990). Courts may also consider a fifth factor, the interests of federal-state comity. *Brooks*, 875 F.2d at 32; *see also Roberites*, 546 F. App'x at 19.

## II. Application

Here, Petitioner has again not yet exhausted his state remedies. In one letter, Mayo refers to having commenced his appeal on his conviction and sentence in the Appellate Division in April 2024. *See* Letter filed Mar. 24, 2025, ECF No. 20, at 7. According to the General Clerk's Office for the Appellate Division, Second

Department, all briefing in Mayo's direct appeal was submitted as of November 2024, but as of the date of this order, the Appellate Division has not yet calendared the case for argument or issued a decision. Thus, the New York state courts have not yet had the opportunity to consider the merits of Mayo's constitutional claims. This Court therefore lacks jurisdiction over Mayo's federal constitutional claims and must dismiss Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254.

For similar reasons as those discussed with respect to his 2022 habeas petition, this Court finds that Mayo has not shown that his case constitutes an exception to the requirement that he exhaust state remedies. The Court again does not find that Mayo has made the extraordinary showing necessary to find that he should be exempt from the exhaustion requirement under § 2254(b)(1)(B)(ii).

## CONCLUSION

Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed due to his failure to exhaust his state remedies. The Clerk of Court shall close this case and enter judgment and mail a copy of this Order to Petitioner.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated:  Brooklyn, New York
         April 16, 2024

9